Good morning and may it please the court. I'm Dan Donovan and I represent Harold Dupree. We're challenging the 160 month sentence imposed on Mr. Dupree, which exceeds the high end of the guideline range by a little over five years. Now the government argued at sentencing that he could have left, that Mr. Dupree could have left, and the court found that Mr. Dupree could simply have stayed in the car. But four times in the record, the government agreed that the crime was committed while in a sudden quarrel or heat of passion caused by adequate provocation. The government agreed that this was caused by adequate provocation, and that means the government agreed that my client was provoked to commit the crime, that the other guy taunted him, that the other guy started the fight. Well they were both intoxicated at the time, isn't that correct? They were both intoxicated, so there's nothing common sense or rational about what happened at all. The court also relied on the extensive history of violent conduct of your client, two convictions assaulting family members, and that was also a reason for the sentence, not just the facts surrounding the current crime of conviction. So why wasn't that a permissible reason for the court to depart upward? I think that the prior record and the likelihood of recidivism was a permissible reason, but what we're contending it wasn't balanced with any mitigating factor. The way I read the record and from what the court said, it was all aggravating factors and basically the mitigating factors were ignored. You asked for, if I recall correctly, you asked for a variance downward or departure downward, isn't that correct? That's correct. Did the judge go through your request and reject them outright? No, all the judge really said in regard to that was that my client could have stayed in the car. Well, the court started out by saying that he'd given full consideration to the arguments of both parties, both for a variance or departure downward and for a variance or departure upward, and ultimately concluded that the court was persuaded by the latter. Is it your position that the court had to explicitly go through the reasons for rejecting the downward as well as giving reasons for the upward? Well, I am arguing that at least the court should have addressed some of those arguments, and I agree or admit that the court did refer that the memo was in the record and listened to the argument of counsel, but I cited a case in the reply brief called U.S. v. Rhesum where, as I read it, this court reversed a downward departure variance where the court failed to consider the argument of the government against the downward, and here I think we have the same thing in reverse, is that the court upward gave an upward variance and really failed to consider or address specifically the arguments that the defense made. Let me ask if I understand your position. Is your position that if you take a look at his record, you take a look at his prior murder, this particular incident, that there was a basis for the district judge to either depart upward or impose a sentence that varied from the sentencing guidelines, that he could have done that? I admit there is certainly a basis to do that. So your objection, I guess, is two-fold. One, he either didn't consider sufficiently the arguments advanced by defendant for a variance downward or a departure downward. Correct. Or that he didn't fully explain why he selected five years as opposed to any other. Right. There's no explanation of the jump to 160 months. Let me ask you one question relating to Judge Pius. When Judge Pius says he doesn't consider and you say correct, do you mean that he didn't explain rather than he didn't state the reasons when you say he didn't consider? You don't really know what he considered. Well, the court said he considered everything, which would include. . . Yeah. Well, every judge always says he considered everything, having carefully considered everything. But are you saying that he didn't, when you say he didn't consider, are you saying he had a duty to set forth these reasons? What do you mean by he didn't consider? How do you know what he considered and what is he required to state explicitly? I'm saying that when the argument's raised that the court should look at the conduct of the victim and how that contributed to the crime, the court should specifically address that argument and make some findings on it or talk about that. The court did say it considered the argument, but there's nothing certainly for this court to review as to what appeared to have no impact on the court at all. And, again, the court emphasized the aggravating factor, the prior record, the prior homicide, without, I think, considering any mitigating factors here. And then there's no explanation as to how the court arrived at 160 months. Indeed, the government requests 148 months. So . . . Well, we had a test suggested yesterday in the court's infinite wisdom. Pardon me? That's all right. What should . . . you know, how does a judge . . . What makes the difference in your view between, say, a sentence that the government was asking for and the one the judge chose? I mean, what is the judge to do? Well, one of the factors, obviously, that the court's to consider is whether the sentence is sufficient but not greater than necessary. So, obviously, if the government's saying 148 months is sufficient, not greater than necessary . . . I think for the judge to say in his infinite wisdom from his experience, having sentenced defendants, having dealt with a lot of criminal defendants and thought about sentencing, that in this particular case, 160 months is a more appropriate sentence because that really captures what he's trying to accomplish than 140 months. All right. What's wrong with that? Well, 160 months may be more appropriate, but the judge didn't explain why. Well, you know, how could you . . . I'm not sure how you would explain the difference between 148 and 160 if the judge determines that 160 is appropriate, other than to explain the factors that go into it, the underrepresentation of criminal history, the pattern of violent behavior that's resulted in two deaths, the fact that he has concluded from all this information that the public needs to be protected. I mean, at some level, it's always a little arbitrary whether 148, 151, 160, 182 . . . I mean, I guess I'm looking to you for your view of what magic words the judge would have to say to justify one level of upward departure from another. Well, what Judge Graber said is the fact, really. We're talking about magic words. You tell the judge, here are the magic words you have to say, and next time he's going to say them. You know, this whole thing is a somewhat fictional, arbitrary process. There's no way to say that 160 is going to deter this defendant where 150 wouldn't. You're right that you're supposed to give the minimum that will accomplish the purpose. Well, I don't think any of us can say that the minimum is 160, 150, 140. Particularly, we have a case where it's largely due to alcoholism. You know, 160 is no more likely to cure the problem that this defendant has than 180, as Judge Graber said, or 140 or 120. So we're playing these games that we're required to play, and part of the game, I think, has to be what is the judge required to state. And your argument is that he's required to say, you know, here are the mitigating factors, and the record doesn't show that he said that. Then I suppose there's a basis for sending it back so that then he can arrive at the same sentence and say the right things. It's not an objective factor. It does depend, to some extent, on the judge's judgment. One judge may think 140 is appropriate. One may think 160 is appropriate. But if you want it set aside, we've got to find some legal basis. What do you think that he failed to say that he was required to say when he explains his reasons? Well, he just chose 160 without saying, well, the high end of the guideline range, 97 months, that won't do because of this prior record or because this man got violent with a knife again, or 120 months or 140 months, or even I can't give what the government recommends, 148 months. I have to give 12 more months than that. And then I'm really, if the judge did that, I'm really left to argue abuse of discretion, and I probably wouldn't be standing here. Well, what is it that, you know, in his statements, you're really saying, as you answered Judge Pius, you know, there are certain things you say he failed to consider when he gave his explanation. What do you think specifically he didn't express a view on or explain as a factor that he should have or was required to do? Well, first off, he didn't say I'm not going to consider sentencing within the guidelines based on the actions of the victim because blah, blah, blah. I think the blah, blah, blah is not very helpful. Well, you know, whatever he would have said. I don't buy that the victim started this thing. I mean, the facts are there. The victim took off his shirt and threw down his hat and challenged the fight. But he could have said I don't consider that important in relation to the past criminal record of the defendant. And therefore, I'm not going to give any credit in mitigation for that. And once having done that, I'm saying then if he starts at the high end of the guideline range, well, what reasons does the court have? The court should give reasons for going from 97 months to 160 months. And the record we have, there are really no reasons except the prior record and no reason why it's not somewhere in between 97 and 160 months. All right. Thank you, Judge. Thank you. Good morning, Your Honors. May it please the Court. I'm Carl Rostead with the U.S. Attorney's Office out of Great Falls. I was lower court counsel and also handled this case on appeal. We would begin by rejecting any notion that Judge Haddon did not consider the details of the crime, including what was put forth by his counsel. Indeed, in the transcript, it indicates that as he was speaking, he said, notwithstanding the best efforts of your counsel, which suggests clearly that he had looked at the memorandums as he'd said and considered the attempts to mitigate the crime. I'm sorry. No, go ahead. I was just going to say there was oral argument, too, as I recall, in addition to the sentencing memorandum. Certainly. Yes, he certainly had the right to allocute, and his attorney allocated on his behalf and put forth those same arguments. So I think there is just no basis to say that it was not considered. Now, would it have been better, obviously, considering the appeal for him to have said, I've considered mitigation and I don't find that it's persuasive, or some, as the Court has indicated, some magic words. But there's certainly no basis for arguing that he did not consider the arguments of counsel or the position of counsel as he was required to do, even though he did not specifically say, I've considered mitigation and find it unpersuasive. I'd also urge the Court to consider the nature of the appellate standard of review. The greater and necessary, obviously, is what the Court, no greater than necessary, is what the district court has as its guide, but this Court has a deferential view. It does not just substitute its view saying, well, we've decided that it was greater than necessary. It's much more deferential on appeal. And that dichotomy is important because it's often urged on appeal by defense that the Court should look at this by looking at the sentence again, basically, and saying, was it greater than necessary? And I just wanted to urge that that isn't the standard in our view. The standard is deferential once that decision is made. And the question is, did the Court follow the 3553 factors? Did he indicate that he considered them? And I think that the record is greatly sufficient to indicate that he considered all of the factors, including the mitigation attempt to be put forward by the defendant. If the Court has no questions, I'll take no further time. Thank you very much. Thank you. If there's nothing further, the case is argued will be submitted.
judges: Reinhardt, Graber, Paez